IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SEANNE GODWIN, | § | |
| | § | No. 135, 2014 |
| Defendant Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware in and |
| v. | § | for Kent County |
| | § | |
| STATE OF DELAWARE, | § | No. 1210011265 |
| | § | |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 17, 2015
Decided: June 30, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## *ORDER*

On this 30th day of June 2015, it appears to the Court that:

(1) Defendant-Below/Appellant Seanne Godwin appeals from a Superior Court jury verdict finding him guilty of Drug Dealing and Conspiracy Second Degree. Godwin raises four claims on appeal. First, Godwin argues that his trial counsel was ineffective by failing to file a motion to suppress evidence based on a theory of an improper search and seizure. Second, Godwin contends that the trial court erred when it denied his motion for a mistrial due to an improper comment made by the State in its opening argument. Third, Godwin claims that his trial counsel was ineffective by failing to move for a mistrial after the State introduced testimony

regarding his history of drug dealing. Fourth, Godwin contends that his trial counsel was ineffective by failing to question a State witness regarding his plea agreement. We find no merit to Godwin's appeal and affirm.

(2) On October 16, 2012, Godwin called Tyere Joyner and requested to meet him in Dover, Delaware in order to obtain marijuana that he could resell. Godwin and Joyner met at a Dover hotel where Joyner gave Godwin $500 worth of marijuana so that Godwin, acting as middle man, could sell the drugs for Joyner. Godwin then rode in Joyner's car to Clairfield where he was to meet an intended purchaser of the marijuana. Once the men arrived, Godwin approached the purchaser and attempted to sell him the marijuana. When the purchaser was unable to produce the money to buy the drugs, Godwin left. Soon thereafter, the purchaser called Godwin and claimed that he now had the money and wanted to set up a meeting at Mapleton Square. Godwin agreed, and he and Joyner drove to Mapleton Square. Once there, Godwin left Joyner's car and got into the purchaser's adjacent vehicle. Godwin gave the purchaser 2 ounces of marijuana, but instead of paying for the drugs, the purchaser robbed Godwin at gunpoint of the marijuana and $535 cash. He then forced Godwin out of his car and drove away. When Godwin returned to Joyner's car he informed him that he had been robbed. After picking up two other people, Godwin and Joyner began to search for the robber.

(3) The men spotted the robber, now on foot, in the area of the Autumn Run Apartments. The robber ran to the front of the apartments and approached Delaware State Trooper Nicholas Ciglinsky and Corporal Alexander Argo, who were on patrol in an unmarked Tahoe SUV. The robber informed them that he was being followed by a blue Mitsubishi Lancer. Based on this information, the officers began following the vehicle. After the vehicle failed to stop at a stop sign, the officers attempted to initiate a traffic stop. The vehicle sped up despite the officers' attempt to stop the vehicle. Eventually the vehicle stopped, and the front seat passenger fled. The fleeing occupant was apprehended by Officer Ciglinsky, and subsequently identified as Kendrick Foreman. The driver was identified as Joyner and the other passengers were identified as Godwin and Kelvin Davis.

(4) Once the occupants of the vehicle were secured, the officers conducted a search of the vehicle and found marijuana in the trunk as well as a handgun under the front passenger seat. After being arrested, Godwin provided a statement to the police admitting that he and Joyner had attempted to sell marijuana that day, and that he had been robbed by the potential purchaser. He also admitted that they were searching for the robber when the police attempted to stop the vehicle. He denied any knowledge of the handgun found in the vehicle. Godwin was indicted on charges of Drug Dealing and Conspiracy Second Degree.

3

(5) Godwin was tried in December 2013. In its opening statement, the State mentioned that a handgun was found under Foreman's seat. Godwin's counsel objected and requested a mistrial, which the trial court denied. In order to clarify the alleged improper statement, the State explained that the handgun belonged to Foreman and that Godwin was unaware that it was in the car. Joyner, Officer Ciglinsky, and Corporal Argo testified for the State. The State also introduced Godwin's recorded statement as evidence. Godwin declined to testify. The jury returned a verdict finding Godwin guilty of both charged offenses. Due to Godwin's status as a habitual offender under 11 *Del. C.* § 4214(b), he was sentenced to life in prison.

(6) Godwin's counsel filed a brief and motion to withdraw pursuant to Supreme Court Rule 26(c) on June 9, 2014. Counsel claimed that, after a careful and complete examination of the record, he found no arguably appealable issues. On October 9, 2014, we granted counsel's motion to withdraw but appointed new counsel to consider any appealable issues.

(7) "Generally, we do not consider claims of ineffective assistance of counsel in a direct appeal."[1] "The reason for that practice, in part, is to develop a record on that issue in a Superior Court Rule 61 post-conviction proceeding."[2] This Court may

---

[1] *Cooke v. State*, 977 A.2d 803, 848 (Del. 2009).
[2] *Id.*

4

consider a claim of ineffective assistance of counsel on direct appeal when "the actions of trial counsel are not disputed and are clearly reflected" in the proceedings below.[3]

(8) The narrow exception to the rule that would allow us to consider Godwin's claims of ineffective assistance of counsel on direct appeal is inapplicable here. The alleged ineffective assistance of Godwin's counsel is far from "clearly reflected in the Superior Court proceedings."[4] We find that these allegations would be better considered in a Superior Court Rule 61 post-conviction proceeding. Accordingly, we deny Godwin's request to consider the merit of these claims.

(9) Godwin also claims that the trial court erred by denying his application for a mistrial. "This Court reviews the denial of a motion for mistrial for abuse of discretion."[5] "A trial judge should grant a mistrial only where there is 'manifest necessity' or the 'ends of public justice would be otherwise defeated.'"[6]

(10) Godwin contends that the trial court abused its discretion by denying his motion for a mistrial after the State prosecutor mentioned the handgun found under the front passenger seat in his opening statement. This claim lacks merit. After

---

[3] *Id.* Conversely, direct appeal is not appropriate if counsel's actions are disputed or the record on appeal is not sufficiently complete. *Id.* (citing *State v. Carter*, 14 P.3d 1138, 1144 (Kan. 2000); *United States v. Swanson*, 943 F.2d 1070, 1072-73 (9th Cir. 1991)).

[4] *Cooke*, 977 A.2d at 848.

[5] *Hendricks v. State*, 871 A.2d 1118, 1122 (Del. 2005).

[6] *Steckel v. State*, 711 A.2d 5, 11 (Del. 1998) (quoting *Fanning v. Superior Court*, 320 A.2d 343, 345 (Del. 1974)).

5

Godwin's counsel objected, the prosecutor informed the court that the purpose of mentioning the gun was to explain why the men fled from police. The trial court cautioned the prosecutor but allowed him to clarify the remark to the jury. The prosecutor went on to explain to the jury that the handgun belonged to Foreman and that Godwin was unaware of its existence. This explanation cured any prejudice the State's initial comment may have caused. Accordingly, the trial court did not err by denying Godwin's motion for a mistrial.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is **AFFIRMED**.

BY THE COURT:

Justice

6